HENRY V. SLOAT v. JOSEPH McCOMB ET AL.

The effect of the third proviso in the first section of the act to increase the jurisdiction of justices of the peace, approved March 12th, 1879, (*Pamph. L.*, p. 115,) is merely to prevent the justices mentioned in the proviso from acquiring the increase of jurisdiction which the enactment confers upon justices generally.

On *certiorari*.

Argued at June Term, 1880, before Justices DIXON, REED and PARKER.

For the plaintiff in *certiorari*, *R. B. Seymour*.

For the defendant, *S. B. Ransom*.

The opinion of the court was delivered by

DIXON, J. The question in this case is whether a justice of the peace in a city where a District Court exists, can exercise jurisdiction, in his court for the trial of small causes,

over a cause cognizable before such District Court, when the amount in dispute exceeds $100, and does not exceed $200.

The sum involved would defeat the claim of jurisdiction, were it not for the act entitled " An act to increase the jurisdiction of justices of the peace," approved March 12th, 1879. *Pamph. L., p.* 115. This makes cognizable before them, suits of a civil nature, where the matter in dispute does not exceed $200, but with the proviso "that no justice of the peace in any city where a District Court now exists, shall exercise jurisdiction over any cause cognizable in such District Court."

The language of this proviso is broad enough to exclude the jurisdiction of justices from *all* causes that may be brought into a District Court, for no matter what sum ; but so to interpret it would make it antagonistic to the purpose of the law, as expressed in the title, " to *increase* the jurisdiction," &c., and consequently unconstitutional. *Const., Art. IV.*, § 7, ¶ 4; *Payne* v. *Mahon*, 12 *Vroom* 292. It is the plain duty of courts not to so interpret a statute, if it is capable of any other reasonable meaning; and in this instance, such other meaning is obvious, arising out of the very nature of a proviso.

A proviso is something engrafted upon a preceding enactment, and is legitimately used for the purpose of taking special cases out of the general enactment. *Potter's Dwar. on Stat.* 118.

The office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview. *Minis* v. *United States*, 15 *Peters* 423.

A proviso in deeds and laws is a limitation or exception to a grant made or authority conferred. *Voorhees* v. *Bank of United States*, 10 *Peters* 449, 471.

Adopting this notion of the office of a proviso, we then have, in the case before us, an enactment the effect of which

was to *increase* the jurisdiction of justices of the peace generally, and a proviso engrafted upon it to restrain its generality and except out of the recipients of the authority conferred by the enactment, the justices mentioned in the proviso.

We are therefore of opinion that justices of the peace in cities where District Courts existed, acquired no increase of jurisdiction by the act of March 12th, 1879, while we also think that the proviso does not impair the jurisdiction which previously existed. This construction gives reasonable effect to the language of the title, the enactment and the proviso, and makes them all consistent and constitutional.

The result is that the judgment below was beyond the jurisdiction of the justice, and must be reversed, with costs.